**JOHN A. BELCHER (SBN 99300)**
johnbelcher@insuringlaw.com
**NICHOLAS W. SONG (SBN 217070)**
nsong@insuringlaw.com
**LAW OFFICES OF JOHN A. BELCHER**
**150 East Colorado Boulevard, Suite 215**
**Pasadena, California  91105**
**(626) 577-5771**
**(626) 577-7769 Facsimile**

**Attorneys for Plaintiff**
**Elizabeth Sanfilippo**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ELIZABETH SANFILIPPO,** | **CASE NO. 2:18-cv-08372 AB (JEMx)** |
|     Plaintiff, | **REPLY MEMORANDUM IN SUPPORT OF MOTION TO REMAND** |
|   vs. | |
| **TINDER, INC. and DOES 1 through 20, Inclusive,** | **DATE:** November 30, 2018<br>**TIME:**  10:00 a.m.<br>**PLACE:** Courtroom 7B |
|     Defendants. |     First Street Courthouse<br>    350 West First Street<br>    Los Angeles, CA 90012 |
| | **Hon. André Birotte Jr.** |

## I. OVERVIEW

It is the plaintiff's prerogative to decide whom to sue.  Real v. St. Jude Med., Inc., 2017 U.S. Dist. LEXIS 47081, *12 (C.D. Cal. 2017) ("The Court is not aware of any authority that permits St. Jude Cardiology to unilaterally substitute itself as the defendant in place of another separate and distinct legal entity.")  Here, Elizabeth Sanfilippo chose to sue Tinder, with whom she had entered into an employment agreement.  Match Group has injected itself into this case, without producing any employment contract between Sanfilippo and Match Group.  The only employment agreement in this case is between Sanfilippo and Tinder.

"[A] state statute extending the life of a dissolved corporation for the purposes of being sued also preserves the corporation as a citizen of the state of incorporation for the purpose of determining diversity citizenship."  Ripalda v. Am. Operations Corp., 977 F.2d 1464, 1468 (D.C. Cir. 1992); Johnson v. Smithkline Beecham Corp., 724 F.3d 337, 358-59 (3d Cir. 2013).  "We have held that when such a state statute renders a dissolved corporation 'sufficiently alive to sue,' the corporation also retains its citizenship for purposes of diversity jurisdiction." Johnson v. Smithkline Beecham Corp., 724 F.3d 337, 358-59 (3d Cir. 2013).  A defunct corporation is a citizen of both its state of incorporation and its last principal place of business.  China Basin Properties, Ltd. v. Allendale Mut. Ins. Co., 818 F.Supp. 1301, 1305 (N.D. Cal. 1992).

The logic of the merger cases cited by Match is that the former entity "ceases to exist."  Such is not the case here.  Here, Tinder may be dissolved but it is still operating.  To this day, Tinder operates out of its offices in West Hollywood, California.  Tinder continues to litigate and has not "ceased" operations in its wind up mode.

///

///

///

1     In <u>Sellers v. Kohlberg & Co., Ltd. Liab. Co.</u>, 2001 U.S. Dist. LEXIS 9498, at

2  *11-12 (N.D. Cal. June 29, 2001), the Northern District Court granted the plaintiff's

3  motion to remand because the defendant corporation retained its connections to

4  California.

5

6         BAF is a citizen of California because its local character has not

7         been lost by the passage of time. A review of the facts indicate that

8         BAF retained local connections despite ceasing operations in April

9         1999. Prior to that time, California was BAF's principal and active

10        place of business. BAF operated more than a dozen stores in

11        California and its headquarters and offices were located in

12        California.

13

14  The District Court also noted that the corporation maintained its connection to

15  California through its president.

16

17        In addition, BAF's president had a business address in

18        California, was listed as agent for service of process, and was served

19        with the complaint herein California. The president also admitted

20        that some books and records pertaining to the former activities of

21        BAF remained in California, although substantially all of them had

22        been transferred to New York (Harter Decl. P 9). It appears,

23        therefore, that BAF still has an extant connection with California.

24

25  Id. at 12.  Similarly in this case, Tinder operates out of its offices in West

26  Hollywood.  Tinder's key officers, including the Chief Executive Officer, all work

27  out of Tinder's West Hollywood office.

28  ///

1    The District Court in <u>Exp.-Import Bank of Korea v. ASI Corp.</u>, 2017 U.S.

2    Dist. LEXIS 182960, at *4 (C.D. Cal. June 13, 2017), notes that corporations

3    dissolved by a merger may be sued for up to three years.

4

5    Under settled Delaware law, "corporate existence is terminated

6    on the date of merger," and "a corporation ceases to exist on merger

7    for all purposes . . . ." Beals v. Washington Int'l, Inc., 386 A.2d 1156,

8    1161 (Del. Ch. 1978); see also Del. Code tit. 8, § 259. Delaware law

9    allows for such dissolved corporations to be sued for up to three

10   years after dissolution. See Del. Code tit. 8, § 278.

11

12   Similarly in <u>United States v. Blue Diamond Corp.</u>, 1960 U.S. Dist. LEXIS

13   4761, at *1 (N.D. Cal. Mar. 10, 1960), the Northern District Court of California held

14   that a lawsuit may be maintained against a corporation dissolved by a reason of

15   merger.

16

17   Defendant Blue Diamond Corporation was on May 11, 1959,

18   before this action was filed, merged into The Flintkote Company. It

19   is this defendant's contention that this action filed subsequent to the

20   merger can not be maintained under the laws of the State of

21   Delaware, the state of incorporation of Blue Diamond Corporation.

22   This court is of the opinion that the discussion to be found in

23   United States v. Line Material Co. , 202 F.2d 929 (C.C.A.6th), in

24   reference to the interpretation of the corporation laws of the State of

25   Delaware indicating that a civil suit would continue even though

26   against a corporation dissolved by reason of merger, is sound.

27   ///

28   ///

1    In <u>Moran v. Wells Fargo Bank, N.A.</u>, 2012 U.S. Dist. LEXIS 108813, at *13
2  (D. Nev. Aug. 3, 2012), the District Court of Nevada held that, post merger, the
3  dissolving corporation retains its citizenship, notwithstanding merger.

4

5    United Title was a corporation incorporated under Nevada law
6    until it was dissolved by merger. (Pet. for Removal (#1) at 3).
7    Dissolved Nevada corporations remain citizens of Nevada for at least
8    two years after dissolution. See McManus v. McManus Fin.
9    Consultants, Inc., 2010 U.S. Dist. LEXIS 113455, 2010 WL
10    4290866, at **4-5, (D. Nev. 2010). Defendants have failed to show
11    that United Title has been dissolved for more than two years and
12    have not presented any facts that would suggest foreign citizenship.
13    United Title is therefore a Nevada citizen.

14

15 **II.  LEGAL ANALYSIS**
16    A corporation's principal place of business must be identified regardless of
17  whether the corporation is defunct.  See <u>W. M. Passalacqua Builders, Inc. v. Resnick</u>
18  <u>Developers S., Inc.</u>, 933 F.2d 131, 141 (2d Cir. 1991).  This rule ensures that federal
19  jurisdiction will not be extended to corporations to which Congress had no intention
20  of providing the benefit.  <u>Id.</u>
21    Under Delaware law, a dissolved corporation continues to exist for three
22  years to prosecute and defend lawsuits.

23

24    All corporations, whether they expire by their own limitation or
25    are otherwise dissolved, shall nevertheless be continued, for the term
26    of 3 years from such expiration or dissolution or for such longer
27    period as the Court of Chancery shall in its discretion direct, bodies
28    corporate for the purpose of prosecuting and defending suits,

1   whether civil, criminal or administrative, by or against them, and of

2   enabling them gradually to settle and close their business, to dispose

3   of and convey their property, to discharge their liabilities and to

4   distribute to their stockholders any remaining assets, but not for the

5   purpose of continuing the business for which the corporation was

6   organized.

7

8   Delaware General Corporation Law Section 278.  The Delaware rule authorizing suit

9   within three years after dissolution is remedial in nature and must be liberally

10   construed.  See International Pulp Equip. Co. v. St. Regis Kraft Co., 54 F.Supp. 745

11   (D. Del. 1944).

12   Courts have held that a defunct corporation is a citizen of both its state of

13   incorporation and its last principal place of business.  See China Basin Properties,

14   Ltd. v. Allendale Mut. Ins. Co., 818 F.Supp. 1301, 1305 (N.D. Cal. 1992) ("Since

15   there is nothing in section 1332 to suggest that a corporation's principal place of

16   business should be ignored once that corporation becomes inactive, a strict reading

17   of the statute requires this Court to utilize One Pass' last principal place of business

18   in determining its citizenship."); Sanderson v. Brooks, 2013 U.S. Dist. LEXIS

19   93909, *15 (C.D. Cal. July 3, 2013) (holding that the citizenship of an inactive

20   corporation is both its state of incorporation and its last active principal place of

21   business); Sellers v. Kohlberg & Co., Ltd. Liab. Co., 2001 U.S. Dist. LEXIS 9498,

22   *6 (N.D. Cal. June 29, 2001) (an inactive corporation's principal place of business is

23   where "it last transacted business").

24   "In a suit involving a subsidiary corporation, the court looks to the state of

25   incorporation and principal place of business of the subsidiary, not the parent."

26   Danjaq, S.A. v. Pathe Communications Corp., 979 F.2d 772, 775 (9th Cir. 1992).

27   ///

28   ///

1    **III.  CONCLUSION**

2         This action should be remanded to the Los Angeles Superior Court.

3

4    DATED: November 16, 2018          LAW OFFICES OF JOHN A. BELCHER
                                       JOHN A. BELCHER
5                                      NICHOLAS W. SONG

6

7                                      By  /s/  JOHN A. BELCHER
                                            JOHN A. BELCHER
8                                      Attorneys for Plaintiff
                                       Elizabeth Sanfilippo
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28