MARC KATZ (TX Bar No. 00791002) (Admitted *pro hac vice*)
marc.katz@dlapiper.com
CRISTINA TORRES (TX Bar No. 24051437) (Admitted *pro hac vice*)
cristina.torres@dlapiper.com
**DLA PIPER LLP (US)**
1717 Main St., Suite 4600
Dallas, TX 75201
Tel.: 214.743.4500
Fax: 214.743.4545

ERIC S. BEANE (Bar No. 186029)
eric.beane@dlapiper.com
**DLA PIPER LLP (US)**
2000 Avenue of the Stars,
Suite 400 North Tower
Los Angeles, California 90067-4704
Tel.: 310.595.3000
Fax: 310.595.3300

Attorneys for Defendant
MATCH GROUP, LLC (erroneously sued as Tinder, Inc.)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH SANFILIPPO, an individual,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>TINDER, INC., a Delaware corporation, and DOES 1 through 20, Inclusive,<br><br>　　　　　Defendants. | **CASE NO. 2:18-cv-08372-AB (JEMx)**<br><br>*[Assigned to Hon. André Birotte Jr.]*<br><br>**DEENDANT MATCH GROUP, LLC'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF ELIZABETH SANFILIPPO IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL**<br><br>**Date:** November 30, 2018<br>**Time:** 10:00 am<br>**Place:** Crtrm. 7B<br><br>*[Removed from the Superior Court of the State of California, County of Los Angeles, Case No. BC718649]* |

DLA Piper LLP (US)
Los Angeles

DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATION OF ELIZABETH SANFILIPPO IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL

Defendant Match Group, LLC ("Match") (erroneously sued as Tinder, Inc.) hereby submits the following objections to the Declaration of Elizabeth Sanfilippo in Support of Plaintiff Elizabeth Sanfilippo's ("Plaintiff") Opposition to Match's Motion to Compel Arbitration. In support of her Opposition, Plaintiff submits Plaintiff's Declaration and Exhibits A and B thereto. Plaintiff's Declaration contains unsubstantiated, conclusory and speculative assertions that are wholly lacking in foundation and should be disregarded, as provided for herein.

Under the Court's Local Rules, "[d]eclarations shall contain only factual, evidentiary matter and shall conform as far as possible to the requirements of F.R.Civ.P. 56(c)(4)." L.R. 7-7. Rule 56(c)(4) provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." *Id.* A declaration made "on information and belief" does not meet the requirement of personal knowledge under Fed. R. Civ. P. 56(c)(4*). See Columbia Pictures Indus., Inc. v. Prof'l Real Estate Investors, Inc.*, 944 F.2d 1525, 1529 (9th Cir. 1991). Bare allegations of fact or legal conclusions are also insufficient to qualify as personal knowledge under Rule 56(c)(4).

To authenticate a document attached as an exhibit, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." *See* FED. R. EVID. 901(a). A document authenticated through personal knowledge must be attached to a declaration, and the declarant must be a competent witness who wrote the document, signed it, used it, or saw others do so. *See Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 533 (9th Cir. 2011) (applying the personal knowledge requirement to affidavits).

Match's objections are as follows:

- Paragraph 3: Paragraph 3 of Plaintiff's Declaration provides: "The

-1-
DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATION OF ELIZABETH SANFILIPPO IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL

arbitration agreement is attached as Exhibit A. This agreement was presented to me on a 'take it or leave it' basis. It was drafted solely by Tinder. I was never afforded an opportunity to modify or otherwise negotiate any of its terms."

Match objects to the second, third and fourth sentences as conclusory and lacking in foundation. Match also objects to the third sentence as speculative and to the second sentence as speculative and containing inadmissible hearsay.

<u>Paragraph 4</u>:  Paragraph 4 of Plaintiff's Declaration provides:  "The arbitration agreement's 'effective date' is February 1, 2018. I always believed that the agreement only covers claims that arise after the effective date. Nobody at Tinder ever represented to me that the arbitration agreement required me to arbitrate claims that arose prior the effective date."

Match objects to the second and third sentences as conclusory. Match further objects to the second sentence as lacking in foundation.

<u>Paragraph 5</u>:  Paragraph 5 of Plaintiff's Declaration provides:  "The harassments [sic] that I suffered took place long before the effective date. I made claims with Tinder regarding the harassments by contacting Tinder's human resources department. My claim regarding Nate Nesbitt was made in May or June of 2017. My claim regarding Steve Liu was made on or before January 5, 2018."

Match objects to this paragraph as conclusory, speculative and not properly limited in time.

<u>Paragraph 6 (mislabeled Paragraph 4)</u>:  Paragraph 6 of Plaintiff's Declaration provides:  "As far as I am aware, Steve Liu was never reprimanded for his harassment. My claim with Tinder regarding Steve Liu was pending prior

-2-
DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATION OF ELIZABETH SANFILIPPO IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL

DLA Piper LLP (US)
Los Angeles

to the effective date.  My claim with Tinder regarding Steve Liu was still pending when Tinder terminated my employment on March 1, 2018."

Match objects to this paragraph as conclusory, lacking in foundation and speculative.  Match objects to the first sentence because it does not meet the requirement of personal knowledge under Rule 56(c)(4).  *See Columbia Pictures*, 944 F.2d at 1529.  Accordingly, Plaintiff's assertion that "As far as [she is] aware, Steve Liu was never reprimanded for his harassment" is of no consequence and not proper evidence.  Match further objects to the second and third sentences as vague.

- <u>Paragraph 7 (mislabeled Paragraph 5) and Exhibit B</u>: Paragraph 7 of Plaintiff's Declaration provides:  "Attached as Exhibit B is a true and correct copy of a Tinder's Terms of use, which is available online at https://www.gotinder.com/terms."

Match objects to Exhibit B as irrelevant, speculative, and lacking in foundation.  Match also objects to Plaintiff's attempts to offer statements in Exhibit B for the truth of the matters asserted, which contains inadmissible hearsay.

Match respectfully requests that the Court grant Match's objections and disregard the objectionable statements in the Declaration and corresponding Exhibit A in considering Plaintiff's Opposition to Match's Motion to Compel.

Dated:  November 16, 2018

**DLA PIPER LLP (US)**

By: /s/  Cristina Torres
CRISTINA TORRES

*Attorneys for Defendant*
*Match Group, LLC (erroneously sued as Tinder, Inc.)*

-3-
DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATION OF ELIZABETH SANFILIPPO IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL

WEST\284205860.1